■ In the Matter of the Claim of WALTER KUEHNHOLD, Respondent, v. YARDNEY ELECTRIC CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal from a board decision that the claimant sustained a 20% causally related loss of vision of the left eye as found by the Referee. The claimant testified that, while at work in early January of 1962, acid splashed in his eyes and that on subsequent occasions of work his eyes were exposed to fumes. The board's examining physician found a loss of vision of 29%. The claimant's first physician, a general practitioner who saw him only twice, made no examination as to extent of loss of vision. An ophthalmologist, who treated the claimant from April 4 through April 18, 1962, was called by the carrier and testified that none of the claimant's impaired vision was due to the injury for which he treated him. An impartial specialist found "no loss of vision that can be blamed on this accident". The carrier's eye specialist agreed with the impartial specialist. The claimant testified that he wore glasses approximately five or six years before the accident. He was asked this question and made this answer: "Q. With those glasses were you able to see everything clearly and comfortably? A. Everything. I did everything, welding and wiring. I have to see that and after that I can't see no more—nothing, making wiring or nothing." Dr. Gaynin, an ophthalmologist who treated the claimant from May 16, 1962, to January 4, 1963, testified that the claimant suffered from bilateral subacute conjunctivitis and that this acute condition was caused by the injury. He further testified that the claimant had a loss of vision in the left eye of 22½% and that "acid irritation going directly into the eyes, plus use of fumes" could cause such a condition. The board was not bound to follow the views of its impartial medical specialist (*Matter of Schillaci* v. *175 West 12th St. Constr. Corp.*, 21 A D 2d 934) and in the exercise of its fact-finding power the board could properly accept the testimony of one expert and reject that of other experts despite their numerical superiority (*Matter of Nowicki* v. *Allegheny Ludlum Steel Corp.*, 21 A D 2d 946). While the medical evidence of Dr. Gaynin might have contained greater certainty, we cannot say that his testimony, when viewed in the light of the record as a whole, did not satisfy the requirement of *Matter of Ernest* v. *Boggs Lake Estates* (12 N Y 2d 414) (*Matter of Campanini* v. *Colorado Fuel & Iron Corp.*, 21 A D 2d 927, mot. for lv. to app. den. 14 N Y 2d 487). The weight and credibility of medical proof are for the board's evaluation (*Matter of Copeland* v. *Cucci Constr. Co.*, 19 A D 2d 666) and we cannot say that the evidence which it chose to accept was not substantial. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.